**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-08223-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Kirby Keith Kehoe, | |
| Defendant. | |

Pending before the Court are Defendant Kirby Keith Kehoe's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. §§ 3582(C)(1)(A) and 4205(G) and Motion for Elderly Offender Home Detention Pursuant to Section 603 of The First Step Act of 2018, (Doc. 126), and Defendant's supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), (Doc. 133). Also before the Court are the Government's Motion to Seal, (Doc. 128), and Defendant's Motion to Seal, (Doc. 142). For the following reasons, Defendant's motions for compassionate release are denied and both motions to seal are granted.

**BACKGROUND**

On June 23, 2014, Defendant pled guilty to violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of Firearms and Ammunition. Subsequently, this Court sentenced Defendant to a 120-month sentence. Defendant is currently incarcerated in Lompoc, California with a projected release date of April 22, 2022.

On June 17, 2020, Defendant filed his initial motion for compassionate release and, after retaining counsel, filed a supplement to his motion on August 12, 2020. The Government filed a Motion to Seal in connection with its response to Defendant's motions. After this Court granted leave for Defendant to file additional medical information, Defendant filed supplemental records and an accompanying Motion to Seal.

## DISCUSSION

### I. Motions to Seal

The Government and Defendant separately move to file Defendant's medical records under seal. As there is good cause appearing, the Court grants both motions.

### II. Motions for Compassionate Release

#### a. Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No.

17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the commission contemplated a medical condition from which the Defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

### b. Analysis

Reducing a sentence because of medical issues is a "rare event." *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *2 (D. Ariz. June 27, 2019) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). Defendant suffers from mycosis fungoides ("MF"), a rare form of T-cell lymphoma, which, if left untreated, can progress into a serious condition. *MF (Including Sézary Syndrome) Treatment*, Nat'l Cancer Inst., https://www.cancer.gov/types/lymphoma/patient/mycosis-fungoides-treatment-pdq (last updated Apr. 8, 2020). Defendant alleges he cannot receive proper care for his MF in prison because he is not allowed to get the ultra-violet light exposure, flaxseed oils, nascent iodine #29, and fish oil capsules he needs. Although Defendant may not be able to access these favored treatments, Defendant has not shown that he is unable to access treatment in general. Defendant's medical records show that he has received medical attention for his MF and associated joint pain. In addition, Defendant's broader allegation that he does not get proper care to address his medical issues is not supported. To the contrary, Defendant's medical records reveal his refusal to accept treatment for several different medical conditions. Therefore, Defendant's medical conditions are not severe enough to justify the extraordinary measure of granting early release.

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)).

The worldwide outbreak of COVID-19 does not present an extraordinary and compelling reason either. The "mere existence" of COVID-19 is not enough to justify compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Although Defendant's facility experienced a severe outbreak of COVID-19 in the past, Defendant has not shown that he is at an undue risk of COVID-19 complications. While Defendant's age of 71 does place him at a higher risk of complications, *see Older Adults*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Sept. 11, 2020), Defendant has not shown why his MF or joint pain places him at higher risk. In fact, Defendant already contracted the virus and was asymptomatic. Accordingly, Defendant's motions for compassionate release are denied.[2]

## CONCLUSION

For the reasons set forth above, Defendant's motions for compassionate release are denied because he has not demonstrated an extraordinary or compelling reason for his release. Additionally, both motions to seal are granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. §§ 3582(C)(1)(A) and 4205(G), and Motion for Elderly Offender Home Detention Pursuant to Section 603 of The First Step Act of 2018 (Doc. 126) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal (Doc. 128) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 129.

**IT IS FURTHER ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 133) is **DENIED.**

---

[2] Defendant also seeks release to home confinement pursuant to the Elderly Home Detention Program. However, under 34 U.S.C. § 60541(g) the determination of whether an inmate is eligible for the program is within the discretion of the BOP. "The BOP's placement decisions, including . . . home confinement placement, are expressly insulated from judicial review." *Wilcox v. Merlak*, No. 1:19-cv-01410-NONE-SKO (HC), 2020 WL 996630, at *3 (E.D. Cal. Mar. 2, 2020) (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)). Accordingly, the Court does not consider Defendant's eligibility for this program.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal (Doc. 142) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 143.

Dated this 28th day of January, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge